917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert W. TIDWELL, Defendant-Appellant.
 No. 89-5880.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges; and JOINER, Senior District Judge.*
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 This matter is before us upon the order of the United States Supreme Court, dated October 1, 1990, vacating our judgment and remanding defendant's appeal to us for further consideration, in light of that Court's opinion in Grady v. Corbin, 495 U.S. ----, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). We have thoroughly considered our judgment in the context of that opinion, and conclude that it does not require a different result.
 
 
 2
 We affirmed the order of the district court which denied defendant's motion to dismiss the indictment. We did not write a full opinion but, instead, relied upon the reasoning found in the opinion of the district court, since that court properly followed existing case law when it rejected defendant's contention that his prosecution would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.
 
 
 3
 Defendant was charged with sexual exploitation of children under 18 U.S.C. Sec. 2251(a), which makes it a crime to use a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct, where the depiction is transported in interstate commerce or mailed. Defendant and Elessar Tetramariner were indicted for using an eleven-year-old girl to produce sexually explicit photographs in Louisville, Kentucky. Tetramariner took the undeveloped film to Ann Arbor, Michigan, and mailed proofs and enlargements to defendant in Nashville, Tennessee. Defendant also was indicted for using two five-year-old children to produce sexually explicit photographs in Cave City, Kentucky. Defendant transported that undeveloped film back to Nashville, where he left it with a drugstore to be developed. The drugstore sent it to Indiana for processing, and the prints were sent back to the drugstore in Nashville, where they were picked up by defendant. He entered pleas of guilty, conditioned upon the outcome of this appeal.
 
 
 4
 The district court had before it the argument that defendant already had been convicted of "distribution" offenses--interstate transportation and mailing of sexually explicit depictions of minors in violation of 18 U.S.C. Sec. 2252--and that the conduct underlying those charges was the same conduct upon which the government relied for the jurisdictional element of the "production" offenses with which he was now charged. The relevant portions of the two sections follow:
 
 Sec. 2251. Sexual exploitation of children
 
 5
 (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (c), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed. (Emphasis added.)
 
 
 6
 Sec. 2252. Certain activities relating to material involving the sexual exploitation of minors
 
 
 7
 (a) Any person who--
 
 
 8
 (1) knowingly transports or ships in interstate or foreign commerce or mails any visual depiction, if--
 
 
 9
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 
 
 10
 (B) such visual depiction is of such conduct; or
 
 
 11
 (2) knowingly receives, or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce or mailed or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if--
 
 
 12
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 
 
 13
 (B) such visual depiction is of such conduct;
 
 
 14
 shall be punished as provided in subsection (b) of this section.
 
 
 15
 Defendant had entered pleas of guilty to the earlier distribution offenses. He there was charged with receiving the proof sheets and enlargements in Tennessee, with transporting the Cave City, Kentucky film into Tennessee, and with receiving the developed film from the Tennessee drugstore.
 
 
 16
 The district court, after applying the test set out in Brown v. Ohio, 432 U.S. 161, 167 (1977), and Blockburger v. United States, 284 U.S. 299, 304 (1932), determined that the distribution and production offenses are separate offenses and that prosecution for both would not offend the Double Jeopardy Clause:
 
 
 17
 Thus we are faced with the question posed in Blockburger: does each statute at issue require proof of an additional fact which the other does not? The statutes themselves demonstrate that the answer is yes. Section 2251 plainly requires proof of production, and some nexus to mailing or transport in interstate commerce. It does not require mailing or transport by the defendant charged with producing. On the other hand, Sec. 2252 plainly requires proof of mailing or transport, or receipt after mailing by the defendant. It does not require that the named defendant be involved in any way in production.
 
 
 18
 The source of defendants' double jeopardy claim is that the United States undoubtedly intends to prove the acts on which defendants have already been convicted to satisfy the "actual mailing" and "actual transport in interstate commerce" elements charged in the indictment under Sec. 2251. However, the United States is not required by the statute to prove that either of these defendants actually mailed or transported the materials; the United States need only prove that someone actually transported or mailed the material, or that the defendants knew or should have known that such mailing or transportation would occur. Thus, a violation of Sec. 2251 does not necessarily entail a violation by those defendants of Sec. 2252. While it happens that the proof offered to establish these jurisdictional elements will substantially overlap the evidence involved in the prior convictions, that result is not required by the statutes at issue; it is merely an idiosyncracy [sic] arising from the particular facts of this case. Mere repetition of proof in successive prosecutions does not, by itself, constitute an infringement on double jeopardy rights. Brown v. Ohio, 97 S.Ct. at 2226 n. 6. "[W]e need not decide whether the repetition of proof required by the successive prosecutions against Brown ... entitle him to the additional protection offered by Ashe and Nielson." To the contrary, it is not the proof actually offered, but the proof required by the statutes in question that is determinative. Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 2265, n. 6, 65 L.Ed.2d 228 (1980) cited in Benton, 852 F.2d at 1465. (Emphasis in original.)
 
 
 19
 In Grady v. Corbin, the Supreme Court supplemented the traditional Blockburger analysis to the extent that courts will no longer look exclusively to the statutory language defining the elements of the two crimes which are being compared. In addition, they will look to the conduct the government will actually rely upon to prove the statutory elements of the second offense.
 
 
 20
 We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.
 
 
 21
 Grady v. Corbin, 495 U.S. at ----, 109 L.Ed.2d at 557 (footnote omitted).
 
 
 22
 In arriving at its decision in Grady v. Corbin, the Court built upon its earlier opinion in Illinois v. Vitale, 447 U.S. 410 (1980). Vitale was convicted of failing to reduce his speed in order to avoid an accident. Since his vehicle had struck and killed two children, he then was charged with involuntary manslaughter on the ground that he had "without lawful justification while recklessly driving a motor vehicle caused the death" of the children. Illinois courts, relying upon Brown v. Ohio, held that the second prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment because the prior offense required no proof beyond that which was required to prove the vehicular manslaughter charge; that a conviction for a lesser included offense precludes later prosecution for the greater offense. The Supreme Court disagreed, holding that the prosecution was not barred provided that the offense of vehicular manslaughter did not require proof of failure to reduce speed in order to establish recklessness. The Court went on, however, to observe that
 
 
 23
 it may be that to sustain its manslaughter case the State may find it necessary to prove a failure to slow or to rely on conduct necessarily involving such failure.... In that case, because Vitale has already been convicted for conduct that is a necessary element of the more serious crime for which he has been charged, his claim of double jeopardy would be substantial....
 
 
 24
 Illinois v. Vitale, 447 U.S. at 420.
 
 
 25
 Because the state would not concede that it intended to rely upon that same conduct to prove the element of recklessness, the Court remanded the case. The circumstances in Grady v. Corbin mirror those in Vitale, with one important exception. In Corbin, the state, by filing a bill of particulars, identified the conduct it would rely upon to prove the recklessness and negligence elements of vehicular manslaughter. This conduct was the same conduct upon which Corbin's earlier convictions for driving while intoxicated and crossing the median were based. The Supreme Court noted that, while the later prosecution was not barred by the traditional Blockburger analysis (the statute did not require proof of driving while intoxicated and crossing the median in order to establish recklessness and negligence), it was barred nevertheless because the state would "prove the entirety of the conduct for which Corbin was convicted--driving while intoxicated and failing to keep right of the median--to establish essential elements" of the later charges. As a practical matter then, considering the conduct upon which the state would actually rely in order to establish the subsequent charges, the earlier charges were tantamount to lesser included offenses of the later charges.
 
 
 26
 Common sense tells us that producing child pornography and distributing it are two separate and distinct offenses. However, it is at least conceivable that Congress could draft statutes defining the offenses in such a way that one would be deemed a lesser included offense of the other. The statutes do, after all, share a jurisdictional concern for conduct implicating the mails or interstate commerce.
 
 
 27
 As we indicated in our prior decision, the district court correctly determined that sections 2251 and 2252 satisfy the Blockburger analysis because the offenses do not have identical statutory elements, and neither offense is a lesser included offense of the other. In light of the Corbin decision, however, we must now analyze the conduct to be relied upon by the government to prove the production offenses to determine whether, as a practical matter, the distribution offenses should be treated as though they were lesser included offenses.
 
 
 28
 In this case, the government does not run afoul of the Corbin test because it need not rely upon the same conduct to prove the jurisdictional element of the production offenses that it relied upon to prove the essential elements of the prior distribution offenses. In the prior convictions for the distribution offenses, defendant was convicted of knowingly transporting and knowingly receiving visual depictions of a minor engaging in sexually explicit conduct. In the later production offenses, the jurisdictional element which must be proved is that "such visual depiction has actually been transported in interstate or foreign commerce or mailed." The government can prove the jurisdictional element without reference to defendant's conduct. For example, the government could rely upon evidence that a drugstore received the second film in Tennessee, that it was shipped by the drugstore to Indiana and developed there, and that it was returned to the drugstore in Tennessee. The government could also rely upon the conduct of Tetramariner who took the first film from Kentucky to Michigan to be developed and then mailed proofs and enlargements to Tennessee. Neither requires proof of any conduct by defendant and, therefore, would not prove the distribution offenses under section 2252. Consequently, since the government does not need to rely upon defendant's conduct to prove the jurisdictional element of the production offenses, the government does not run afoul of the Corbin test.
 
 
 29
 Having concluded, then, that the subsequent prosecution was not barred by the Double Jeopardy Clause, we again affirm the order of the district court.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation