# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2012

No. 11-50602

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN RAY EDWARD TERRELL, also known as John Ray Terrell,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Before the Court is Defendant John Ray Edward Terrell's ("Defendant-Appellant Terrell") appeal of his conviction for one count of producing child pornography and sexually exploiting a child, in violation of 18 U.S.C. § 2251(a) & (e), and one count of knowingly possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A).  We AFFIRM.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2007, a federal indictment charged Defendant-Appellant Terrell with producing child pornography in violation of 18 U.S.C. § 2251 (a) and (e) and with knowing possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(5)(B), 2252A(b)(2), and 2256(8)(A).  The trial testimony established

No. 11-50602

the following:  The victim was ST, the daughter of Suzanne Terrell and John Ray Doby Terrell ("John Terrell").  Defendant-Appellant Terrell is John Terrell's father and ST's grandfather.  During the summer of 2003, Defendant-Appellant Terrell took pornographic photos of ST while she was left in his care.  When ST later reported the abuse to her mother, Suzanne Terrell contacted Child Protective Services.  An investigation was launched, and police conducted a search of Defendant-Appellant Terrell's property.  A floppy disk was recovered with files related to Defendant-Appellant Terrell's business, and a file referring to "Young Strawberry Blondes, Young Lolitas, TV, Underage Models, Preteen X, [and] Lolita Virgins."

Following the initial search, John Terrell went to his father's home to hide weapons he knew were on the property.  John Terrell had access to his father's home because he assisted his father in his father's business.  In attempting to hide a gun in a concealed compartment, John Terrell discovered a laptop located therein.  John Terrell discovered pornographic images of ST on the computer, as well as other child pornography. He informed police, who performed a second search and seized the laptop.  John Terrell also provided the police with a second laptop he recovered from a trailer on the property.

In 2005, police learned that Defendant-Appellant Terrell had fled the country.  The police located him in Ecuador and he was arrested in September 2010.  He was thereafter returned to the United States and placed in the custody of United States marshals at the airport.

At trial, John Terrell identified the location of the photos as Defendant-Appellant Terrell's bedroom.  He testified that he, John Terrell, had not taken the photographs or put those photographs on the laptop.  He further testified that he did not use Defendant-Appellant Terrell's laptops prior to discovering them.  ST testified about the photographs, identifying herself therein and Defendant-Appellant Terrell as the photographer.  She further testified that she

No. 11-50602

had asked Defendant-Appellant Terrell about the photographs and that he had informed her that he had deleted them. A Secret Service Agent who had conducted a forensic examination of the laptops testified that he found the images of ST in the computer's "trash can," and that they had been put there soon after the photos of ST had been taken. The Agent further testified that, in addition to the images of ST, he found 751 images of child pornography on the first laptop, and 137 images of child pornography on the second laptop. The Agent opined that the images were likely obtained from the internet, and he testified that the laptops had been used to visit sites that advertised or allowed users to download child pornography. Evidence also established that the laptops were manufactured outside of Texas.

At the close of the prosecution, Defendant-Appellant Terrell moved for a judgment of acquittal, which the district court denied. A jury convicted Defendant-Appellant Terrell on both counts. The district court sentenced Defendant-Appellant Terrell to 360 months of imprisonment on Count One and 120 months of imprisonment on Count Two, the sentences to be served consecutively. This timely appeal followed.

## ANALYSIS

Defendant-Appellant Terrell raises a number of challenges to his conviction. First, he argues that the government must, and did not, show that he knew or should have known the laptop which contained the images of ST traveled in interstate commerce. Second, he argues that the district court wrongly denied his motion for acquittal because there was no evidence that he transferred the images of ST to the laptop, and that a jury instruction stating the government did not need to prove the identify of the individual who placed the images on the computer was erroneous. Third, he argues that the government introduced insufficient evidence to show he knowingly possessed child pornography. For the reasons stated below, his arguments are unavailing.

3

No. 11-50602

## I.    Knowledge of Interstate Commerce

First, Defendant-Appellant Terrell argues that the district court erred in denying his motion for acquittal because the government failed to introduce evidence showing that he knew or should have known that the pornographic images of ST were produced on a camera or computer that traveled in interstate commerce.  The government argues that it is not necessary to prove knowledge of this particular interstate commerce element under 18 U.S.C. § 2251(a).  This court reviews a district court's denial of a motion for acquittal de novo.  *United States v. Bennett*, 664 F.3d 997, 1011–12 (5th Cir. 2011).  The Court finds the government's reading more persuasive and holds that § 2251(a) does not require knowledge of the interstate nature of the materials used to produce the images of ST.

Under 18 U.S.C. § 2251(a), the government must prove that the defendant (1) employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (2) a jurisdictional nexus.  18 U.S.C. § 2251(a) (West 2003).  As to the jurisdictional nexus element, it may be satisfied:

> [(a)] if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, [(b)] if that visual depiction was produced using materials that have been mailed, shipped, or transported in  interstate or foreign commerce by any means, including by computer, or [(c)] if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

*Id.*  The Defendant-Appellant argues that the knowledge element—"knows or has reason to know"—applies to each of the three possible ways that the element can be satisfied.[1]

---

[1] Defendant-Appellant Terrell concedes that the evidence demonstrated that the laptop had indeed traveled in interstate commerce.

Nevertheless, the more natural reading of this statute is that knowledge must be proven only as to the first jurisdictional hook. *See Flores-Figueroa v. United States*, 556 U.S. 646, 652 (2009) ("The manner in which the courts ordinarily interpret criminal statutes [should be] fully consistent with . . . ordinary English usage."); *see also United States v. Betancourt*, 586 F.3d 303, 308–09 (5th Cir. 2009) (applying *Flores-Figueora* and adopting a "common-sense, natural reading" of a statute). Here, the statute's repetition of "if" indicates that each clause following the "if" is distinct. The phrase "knows or has reason to know" follows the first "if," implying that the phrase is only to be applied to the first clause and not to the latter two. Finally, the use of the disjunctive "or" further indicates that the "knows or has reason to know" applies only to the first item in the list.

The Defendant-Appellant cites no authority for his argument that the "knowledge" requirement applies to all three jurisdictional elements, and indeed, an identical argument was rejected by the Eleventh Circuit. In *United States v. Smith*, the Eleventh Circuit stated that the "most natural reading of this provision" is that "[o]nly the first basis for jurisdiction requires any proof of mental state." *See* 459 F.3d 1276, 1289 (11th Cir. 2009).

Moreover, and importantly, courts have been consistent in not applying the *mens rea* of statutes to federal jurisdictional elements, unless the language of the statute requires such a result. For example, in *United States v. Yermian*, in a prosecution for making false statements to a federal officer in violation of 18 U.S.C. § 1001, the Supreme Court held that the "knowingly" and "willfully" intent requirements did not apply to the federal jurisdictional element—*i.e.*, that the false statement was made to a federal officer. *See* 468 U.S. 63, 74–75 (1984); *see also United States v. Feola*, 420 U.S. 671, 693–96 (1975) (finding that federal conspiracy statute did not require knowledge that intended victim of conspiracy was a federal officer because conduct is not "any less blameworthy . . . because

the participants are unaware which body of law they intend to violate"). These holdings have been consistently reaffirmed in a variety of contexts. *See, e.g.*, *United States v. Jimenez*, 256 F.3d 330, 338 n.9 (5th Cir. 2001) (defendant not required to have knowledge of building's effect on interstate commerce under federal arson statute); *United States v. Jackson*, 978 F.2d 903, 909–11 (5th Cir. 1992) (defendant did not need to know victim was transported across state lines under federal kidnaping statute); *United States v. Dancy*, 861 F.2d 77, 81 (5th Cir. 1988) (in felon in possession of a firearm prosecution, defendant not required to know that firearm traveled in interstate commerce); *United States v. Driggers*, 559 F.3d 1021, 1024–25 (9th Cir. 2009) (*mens rea* does not apply to interstate travel element of federal murder for hire statute); *United States v. Campa*, 529 F.3d 980, 1006–07 (11th Cir. 2008) (no *mens rea* for jurisdictional element in federal conspiracy to murder statute); *United States v. Cooper*, 482 F.3d 658, 664–65 (4th Cir. 2007) (intent element did not apply to requirement that pollution be into navigable waters to sustain conviction); *United States v. Wright*, 363 F.3d 237, 244 (3d Cir. 2004) (no requirement that defendant know stolen check crossed state lines); *United States v. Quarrell*, 310 F.3d 664, 670–74 (10th Cir. 2002) (defendant convicted for digging for archaeological artifacts did not need to know he was excavating on federal land).

Accordingly, § 2251 does not require that a defendant know the interstate nature of an instrument on which a depiction of child pornography is produced. Consequently, the district court did not err in refusing to grant his motion for acquittal on this ground.

## II.    Transferring Images to the Computer (Count One)

Next, Defendant-Appellant Terrell presents a pair of arguments related to his conviction under Count One for sexual exploitation of a child, under 28 U.S.C. § 2251(a), which both turn on the same issue of statutory interpretation.

No. 11-50602

1.    Motion for Acquittal

First, the Defendant-Appellant argues that the district court erred in denying his motion for acquittal because there is insufficient evidence showing that he produced or reproduced the images of ST using materials that traveled in interstate commerce.  He argues that the government failed to show that the camera used to take the photos traveled in interstate commerce and that the government also failed to prove that he was the person who reproduced the images on his laptop.  In response, the government argues that it is unnecessary under 28 U.S.C. § 2251(a) to prove that the Defendant-Appellant personally transferred the images of ST to the laptop, or alternatively, that there is sufficient evidence showing that he actually transferred the images.

The Court reviews a district court's denial of a motion for acquittal de novo.  *Bennett*, 664 F.3d at 1011–12.  On motion of a defendant, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  FED. R. CRIM. P. 29(a).  "When reviewing the sufficiency of the evidence, this Court views all evidence, whether circumstantial or direct, in the light most favorable to the [g]overnment[,] with all reasonable inferences to be made in support of the jury's verdict."  *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997).  The Court must ask "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt."  *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998).  The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.  *United States v. Faulkner*, 17 F.3d 745, 768 (5th Cir. 1994).  However, where the evidence tends to give "equal or nearly equal circumstantial support" to guilt and to innocence, reversal is required.  *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).

No. 11-50602

As described above, § 2251 requires the government to prove that a defendant (1) employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct; and (2) a jurisdictional nexus. 18 U.S.C. § 2251(a). The jurisdictional nexus is satisfied :

> [(a)] if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, [(b)] if that visual depiction was produced using materials that have been mailed, shipped, or transported in  interstate or foreign commerce by any means, including by computer, or [(c)] if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

*Id.*

Similar to the phrase "knows or has reason to know," the phrase "such person" appears only in the first clause. Accordingly, the same reading that compels the conclusion that "knows or has reason to know" does not apply to the final two clauses also compels the conclusion that "such person" similarly applies only to the first clause, and not the latter two. Accordingly, the language of the statute indicates that there is no requirement that the individual who directs the minor be the same person who produces the image on the item that has traveled in interstate commerce.

In an unpublished case, the Sixth Circuit adopted a similar position while evaluating § 2251(a)'s last jurisdictional hook: that the depiction be transported in interstate commerce. In *United States v. Tidwell*, while comparing § 2251 and § 2252 for purposes of a *Blockburger* double jeopardy analysis, the court stated that under § 2251(a) the government need not prove that the defendant who is charged with production of child pornography also be the same person who transported it in interstate commerce. *See* 917 F.2d 1305, at \*2 (6th Cir. 1990).[2]

---

[2] *See also United States v. Fuller*, 77 F. App'x 371, 380 n.10 (6th Cir. 2003) (restating holding from *Tidwell*).

8

Nevertheless, even under the Defendant-Appellant's interpretation of the statute—where the defendant who exploited the child must also be the person who produced the images on the computer—at the time of the defendant's motion, a "reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." *Ortega Reyna*, 148 F.3d at 543. The Defendant-Appellant does not seriously contest that the government proved that he persuaded and coerced ST into sexually explicit conduct for the purpose of producing visual depictions of that conduct.[3] Nor does he dispute that the laptop that contained the images of ST traveled in interstate commerce. It is also undisputed that production of child pornography for purposes of this statute includes copying the images onto a computer hard drive or other digital storage device. *See United States v. Dickson*, 632 F.3d 186, 188–90 (5th Cir. 2011) (finding that production included copying images onto a CD in prosecution for possession of child pornography under 18 U.S.C. § 2252(a)(4)(b)). Thus, if the Defendant-Appellant transferred the images onto the laptop, his conduct satisfies the jurisdictional nexus even under the interpretation of the statute most favorable to him.

---

[3] He does accuse his son, John Terrell, of actually being the person who molested and took the photographs of ST, bizarrely in reliance on ST's statement that she posed with a "one-legged dog," which the Defendant-Appellant asserts belonged to John Terrell. Nevertheless, overwhelming evidence supports the jury's finding that Defendant-Appellant Terrell took the photos of ST. ST testified that Defendant-Appellant Terrell persuaded her to take off her clothing and act in a sexual manner while he photographed her. ST identified the photographs found on the Defendant-Appellant's computer as the same photos she remembers him taking of her. Dr. Ann Sims, a specialist in sexual abuse exams on children who examined ST in 2004, testified that she believed ST's story was credible and that it did not seem coached or falsified. In convicting the defendant under Section 2251(a), the jury apparently believed ST's testimony about the sexual abuse, a credibility determination that cannot be questioned on appeal. *See United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) ("[I]t is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of witnesses."); *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992) (stating that the "assessment of the weight of the evidence and the determination of the credibility of the witnesses is solely within the province of the jury").

No. 11-50602

Although ownership alone is not sufficient to prove that the Defendant-Appellant transferred the images to the laptop, there is no evidence in the record showing that any other individuals had access to the computer in 2003 when the images of ST were undisputably stored on his computer. *Compare United States v. Winkler*, 639 F.3d 692, 695–701 (5th Cir. 2011) (affirming conviction for possession of child pornography where there was no evidence of third-party access and where circumstantial evidence supported finding that defendant knowingly possessed images), *with United States v. Moreland*, 665 F.3d 137 & n.7, 151–54 (5th Cir. 2011) (reversing conviction for possession of child pornography where evidence showed a third party accessed computer around time of pornography download).  It is undisputed that the laptop belonged to Defendant-Appellant Terrell and that it was found hidden under a bookshelf in an area he had control over.  The laptop was registered solely to Defendant-Appellant Terrell, and there is no evidence in the record showing that anyone else ever had access to the laptop, aside from John Terrell when he found it and contacted the police.  John Terrell also testified that he had seen the Defendant-Appellant using the laptop.

The strongest evidence in favor of the jury's verdict is ST's testimony, which is corroborated by the forensic evidence.  During her testimony, ST stated that the Defendant-Appellant told her soon after he took pictures of her in the summer of 2003 that she should not worry because he had deleted them.  According to the forensic examiner, the images of ST were placed in the laptop's trash folder on June 7, 2003.  Again, the Defendant-Appellant offers no explanation for how the images of ST, which ST testifies that he took, ended up on his laptop computer within days of him taking the photos, and how he would know the items had been deleted, if he had not transferred the photos and deleted them himself.  Although John Terrell had access to both laptops during the period between finding them and returning them to the

10

No. 11-50602

Defendant-Appellant's house, the images of ST had been transferred nearly a year earlier.  Further, John Terrell testified that he did not take the images of ST or transfer them to the computer, and that he found the images of ST on the computer.  It is pure speculation to think that John Terrell put the images on the computer.  *See Faulkner*, 17 F.3d at 768 (stating that the evidence need not exclude every hypothesis of innocence).  The jury seemingly rejected this argument in convicting Defendant-Appellant Terrell on Count Two for possession of child pornography, and it would be reasonable to think that the jury would have rejected the argument as to Count One as well.  *See United States v. Pruitt*, 638 F.3d 763, 767 (11th Cir. 2011) (jury free to reject alternative reasons for presence of child pornography on computer); *United States v. Kain*, 589 F.3d 945, 949–50 (8th Cir. 2009) (affirming conviction although testimony showed that a Trojan virus may have been responsible for child pornography files).[4]

Other evidence found on the Defendant-Appellant's laptop computers and in his desk supports the conclusion that the Defendant-Appellant transferred the images of ST.  As explained later, the evidence supporting Count Two—possession of child pornography—is very strong, and the fact that the Defendant-Appellant transferred those other images of child pornography to his laptops increases the likelihood that he also transferred the images of ST.  *See United States v. Grimes*, 244 F.3d 375, 378–84 (5th Cir. 2001) (stating that other evidence of sexual interest in children is "highly relevant" to guilt in prosecution under Section 2251(a), but denying admission of evidence due to prejudice); *United States v. Wilder*, 526 F.3d 1, 6–10 (1st Cir. 2008) (discussing how

---

[4] *See also Schene*, 543 F.3d at 639–40 (affirming conviction for possession of child pornography where only defendant and his wife had access to computer); *United States v. Irving*, 452 F.3d 110, 122 (2d Cir. 2006) (rejecting argument that a third party may have downloaded images where defendant unable to offer any evidence showing third party had regular access to computer).

No. 11-50602

evidence that defendant used computer for other child pornography-related conduct increased likelihood that defendant knowingly possessed images on computer).   The first laptop contained an additional 751 images of child pornography, beyond those of ST, and it had also visited 283 websites marketing child pornography.   The second laptop also contained 137 images of child pornography and it had visited a large number of websites marketing child pornography.   Finally, a floppy disk found in the Defendant-Appellant's desk contained letters written by the Defendant-Appellant and files referring to child pornography.   Thus, the evidence strongly pointed to the Defendant-Appellant using his computers to store other images of child pornography.

Accordingly, the Court finds that § 2251(a) does not require that the individual who induces the minor to engage in sexually explicit activities for the purposes of producing depictions of such be the same individual who produces the depictions on an item that has traveled in interstate commerce.   Further, even if § 2251(a) did require such unity of person, the government presented sufficient evidence upon which a jury could find Defendant-Appellant Terrell produced the depictions of ST on the laptop.   Consequently, the Court finds no error in the district court's denial of the Defendant-Appellant's motion for acquittal on this ground.

2.    Jury Instructions

Second, the Defendant-Appellant argues that the district court erred by instructing the jury in response to the  jury's third note ("Jury Note 3") that the government did not need to prove who produced the images of ST found on the laptop computer.   Because the Court finds that the statute does not require that Defendant-Appellant Terrell have produced the images to the laptop, the Court finds no error in the district court's response to Jury Note 3.[5]

---

[5] In addition, Defendant-Appellant Terrell concedes that he must show plain error in the district court's instruction, due to his failure to timely object to the jury instructions.  *See*

12

No. 11-50602

## III.   Possession of Child Pornography (Count Two)

Finally, Defendant-Appellant Terrell offers two arguments related to his conviction in Count Two for possession of child pornography, under 18 U.S.C. § 2252A(a)(5)(B).  First, he argues that there was insufficient evidence presented at trial showing that he knowingly possessed images of child pornography.  Second, he argues that the district court's response to Jury Note 3 was an incorrect statement of the law.

### 1.   Motion for Acquittal

Count Two of the indictment charges Defendant-Appellant Terrell with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Under this provision, a "person who . . . knowingly possesses any . . . computer disk . . . that contains an image of child pornography that has been . . . transported in interstate . . . commerce by any means, including by computer, or that was produced using materials that have been . . . transported in interstate . . . commerce by any means, including by computer, . . . shall be punished . . . ."  18 U.S.C. § 2252A(a)(5)(B) (West 2003).  Thus, the government must prove that a defendant (1) "knowingly possessed material that contained

---

*United States v. Diaz*, 637 F.3d 592, 601 (5th Cir. 2011) ("Where a party fails to offer a timely objection to jury instructions, claims of error are reviewed for plain error.").  He cannot meet that burden, even if the instruction was erroneous.  First, the statute does not clearly require that same individual induce the minor as produce the depiction to an item in interstate commerce.  *See United States v. Carrillo*, 660 F.3d 914, 930 (5th Cir. 2011) (potential error, not plain error where law is unclear).  Second, for the reasons stated above, the weight of the evidence strongly supports an inference that Defendant-Appellant Terrell transferred the images of ST to the laptop, and thus he cannot show that the purported error "affected the outcome of the district court proceedings."  *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011) (quotation omitted); *see also Neder v. United States*, 527 U.S. 1, 9-10 (1999) ("[W]e have recognized that improperly omitting an element from the jury can easily be analogized to improperly instructing the jury on an element of the offense, an error which is subject to harmless-error analysis.").  Finally, Defendant-Appellant Terrell's argument that the response to the jury note constituted a directed verdict is without merit.  *See, e.g.*, *United States v. Simkanin*, 420 F.3d 397, 403–09 (5th Cir. 2005) (concluding a response to jury note is not a directed verdict where the court "did not explicitly direct a verdict on an essential element of the offense").

an image of child pornography" and (2) a jurisdictional nexus. *Moreland*, 665 F.3d at 149 (stating elements of offense). This jurisdictional nexus may be shown if the images are contained on materials that traveled in interstate commerce or if the images themselves were transported in interstate commerce. 18 U.S.C. § 2252A(a)(5)(B); *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002).

The Defendant-Appellant argues that the district court erred in denying his motion for acquittal on this count. This Court reviews the district court's denial of a motion for acquittal de novo, *Bennett*, 664 F.3d at 1011–12, and "all evidence, whether circumstantial or direct, [is viewed] in the light most favorable to the [g]overnment[,] with all reasonable inferences to be made in support of the jury's verdict," *Moser*, 123 F.3d at 819.

As to the elements of the crime, first, it is not disputed that the images on the computer were of child pornography, or that a person viewing those images would understand them to be child pornography. Second, Defendant-Appellant Terrell concedes that the government proved the jurisdictional nexus because it showed that the images were downloaded from the internet or were contained on a computer that traveled in interstate commerce. The evidence indicates that many—if not all—of the images (with the exception of those of ST) were downloaded from the internet, which is sufficient to satisfy the jurisdictional requirement. *See Runyan*, 290 F.3d at 239 (holding that transmission of images over the internet satisfies interstate commerce element). Additionally, the images were produced on a computer made in California. As noted earlier, it is accepted law that production of an image includes copying the image onto a computer hard drive. *See Dickson*, 632 F.3d at 188–90. Thus, copying the images onto the laptops satisfies the interstate commerce requirement as well.

Therefore, the only disputed element is whether Defendant-Appellant Terrell "knowingly possessed" the images of child pornography that were found

on his laptop computers. As explained by this Court in *Moreland* when analyzing Section 2252(a)(5)(b), the term "knowingly possesses" is interpreted based on its "ordinary, everyday meaning." *See* 665 F.3d at 141–42 (quotation marks omitted). "Possession [of child pornography] may be either actual or constructive." *Id.* at 149. Because the Defendant-Appellant did not have actual possession of the images, the government must show constructive possession. *Id.* at 150. "Constructive possession is the ownership, dominion or control over an illegal item itself or dominion or control over the premises in which the item is found." *Id.* at 150 (quotation marks omitted). Where a residence is jointly occupied—as here—the discovery of contraband alone is insufficient to prove possession, and instead, the government "must present additional evidence of the defendant's knowing dominion or control of the contraband, besides the mere joint occupancy of the premises, in order to prove the defendant's constructive possession." *Id.* at 150. Thus, as *Moreland* explains, "[a] conviction based upon constructive possession will be upheld only where the prosecution has proven that there is something else (e.g., some circumstantial indicium of possession) [] besides mere joint occupancy that supports at least a plausible inference that the defendant had knowledge of and access to the [] contraband." *Id.* at 150 (quotation marks omitted).

Here, that standard is plainly met. The laptop computers were found in an area over which Defendant-Appellant Terrell had control and a number of pieces of circumstantial evidence indicate that his possession was knowing. The first laptop contained 751 images of child pornography in an encrypted zip folder, four naked photos of ST that had been moved to the trash folder in June 2003, and an internet browser history showing that the computer had visited 283 websites that market or sell child pornography. The second laptop contained 137 images of child pornography, many of which contained website addresses on

them, and the internet history on that computer also showed that it had browsed a large number of websites advertising or selling child pornography.

The first laptop was registered only to Defendant-Appellant Terrell and the second laptop was registered to him, to his wife, and to John Terrell (his son).  John Terrell testified that both laptops belonged to the Defendant-Appellant and other evidence supported this assertion.  John Terrell  testified that he had seen the Defendant-Appellant using the first laptop and that he had helped the Defendant-Appellant purchase the second laptop online many years earlier.  There is no evidence in the record that other individuals ever used these laptops or exercised any control over them, aside from John Terrell when he discovered them in 2004.

Again, the only factual argument that Defendant-Appellant Terrell offers is speculation that John Terrell actually was responsible for downloading all of the images of child pornography to his computer.  He also argues that because John Terrell is skilled at computers, his son could have planted the photos.[6]

John Terrell undisputably had access to both laptops during the period between finding them and the police instructing him to return them to the Defendant-Appellant's house.  John Terrell testified, however, that he placed no child pornography on the computers and that he did not take the images of ST or transfer them to the computer. Further, he testified that the computers already contained the images of child pornography when he found them, including the images of ST.  It is pure speculation that John Terrell put the images on the computers, and the jury was entitled to credit John Terrell's testimony that he found the files on the computer.  *See Sanchez*, 961 F.2d at 1173 (the "assessment of the weight of the evidence  and the determination of the credibility of the witnesses is solely within the province of the jury").  It

---

[6] Defendant-Appellant Terrell also argues that his son actually took the photos of ST, an argument the Court rejects for the reason stated above.

seems highly unlikely that John Terrell could have visited hundreds of child pornography websites on the Defendant-Appellant's computer, even taking into account of the time the computers were in his possession in 2004. Indeed, it is even more unlikely that he would do so, and then voluntarily turn the laptops into police after the police failed to locate them during their initial search of the property. The jury was free to disregard such a hypothesis.[7]

Additionally, software had been installed on the first laptop that cloaked the internet history, which shows that Defendant-Appellant Terrell was attempting to prevent other people from seeing his internet activity. Testimony at trial indicated that such software is common among individuals who view child pornography and that it is often available for download on websites that sell child pornography. Similar software has been held to support an inference that a defendant has knowledge of the existence of child pornography on his computer. *See United States v. Bass*, 411 F.3d 1198, 1202 (10th Cir. 2005) (existence of file scrubbing programs supported conviction); *United States v. Koegel*, 777 F. Supp.2d 1014, 1022 (E.D. Va. 2011) (same).[8]

One of the strongest pieces of evidence is the fact that ST testified that Defendant-Appellant Terrell molested her and took the photos of her that were found on his first laptop. This establishes two important points. First, as discussed above, it is almost impossible to think that the Defendant-Appellant was not responsible for transferring the images to his personal laptop given that ST testified he took them. Second, it establishes that he is sexually interested in children, increasing the likelihood that the other pictures on the laptops were his. Both this Court and others have held that evidence showing that a

---

[7] *See Pruitt*, 638 F.3d at 767; *Kain*, 589 F.3d at 949–50; *Schene*, 543 F.3d at 639–40; *Irving*, 452 F.3d at 122 (2d Cir. 2006).

[8] Again, the Defendant-Appellant claims his son, John Terrell, downloaded this software, but he offers absolutely no evidence to support this assertion.

defendant previously committed sexual crimes against children is relevant in a case where a defendant is charged with a sexual crime against a child. *See United States v. Goff*, 155 F. App'x 773, 776 (5th Cir. 2005)  (per curiam) (admitting evidence showing defendant had a "knowing interest in child pornography" to support conviction for possession of child pornography due to its probative value); *United States v. Julian*, 427 F.3d 471, 485–88 (7th Cir. 2005) (admitting evidence of prior sexual assault crimes against minor due to its probative value in sex trafficking prosecution); *United States v. Carter*, 410 F.3d 1017, 1022 (8th Cir. 2005) (admitting evidence of prior sexual crime against minor in prosecution for sexual assault on a minor); *United States v. Bentley*, 475 F. Supp. 2d 852, 858 (N.D. Iowa 2007) (explaining that evidence of "sexual interest in children" is highly relevant to determining propensity to commit other sex crimes against children).

Also supporting the verdict was other evidence found in Defendant-Appellant Terrell's house.  In his desk, police officers found a floppy disk containing a number of business letters written by the Defendant-Appellant, as well as additional files referring to child pornography.  This evidence further supports the view that the Defendant-Appellant is sexually interested in children and has an interest in child pornography.

Finally, Defendant-Appellant-Terrell  fled the country in 2005, and was not taken into custody until 2010.  This Court has previously held that evidence of flight creates an inference of guilt. *See United States v. Templeton*, 624 F.3d 215, 225 (5th Cir. 2010) (stating that evidence of flight is admissible and probative as to guilt); *United States v. Lopez*, 979 F.2d 1024, 1030 (5th Cir. 1992) (although flight insufficient alone "to support a guilty verdict, it is relevant and admissible").

The evidence in this case is much stronger than in *Moreland*, where this Court found that there was insufficient evidence showing that the defendant had

knowledge of the images of pornography found on his computer.  In that case there was strong evidence that another individual had accessed the images using the defendant's email account, and there, all of the images were deleted and stored in a way that made them inaccessible.  *See Moreland*, 665 F.3d at 151–52 & n.7.  These facts raised the strong possibility that another individual downloaded and deleted the images without the defendant ever knowing of their presence on his computer.  *See id.*; *see also United States v. Kuchinski*, 469 F.3d 853, 862 (9th Cir. 2006) (overturning conviction where there was no evidence defendant knew images were saved in internet cache).  By contrast, the images of ST were in the trash can on the desktop and the other images were stored in an encrypted zip folder.  Both of these file types indicate that Defendant-Appellant Terrell was aware of the presence of the images—for example, he would have needed to encrypt the zip file and the images of ST had been manually deleted.  *See Winkler*, 639 F.3d at 699 (ruling that similar evidence of manually hiding pornographic files supported finding that receipt and possession were knowing).

On appeal, we must take all of the facts in a light most favorable to the jury's verdict.  *Moser*, 123 F.3d at 819.  In light of the facts stated above, there is sufficient evidence of guilt to reject the Defendant-Appellant's argument. *See United States v. McArthur*, 573 F.3d 608, 614–15 (8th Cir. 2009) (holding that a jury's verdict should not be disturbed where it chooses one plausible scenario for how child pornography was downloaded onto computer).

2.     Jury Instructions

Lastly, the Defendant-Appellant argues that the district court's response to Jury Note 3 was an incorrect jury instruction as to Count Two.  This argument is meritless.  The jury's note expressly limited itself to Count One, and the question and district court's answer had nothing to do with Count Two.  Thus, it is pure speculation to think that an instruction regarding Count One

somehow affected the jury's analysis as to Count Two, especially when the language of the note indicates that the jury was properly considering the counts separately. *See Simkanin*, 420 F.3d at 407 (holding that a district court's response to a jury note on good-faith instruction would not affect willfulness instruction where response did not relate to willfulness).

## CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.