# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 20, 2013

Lyle W. Cayce
Clerk

No. 12-10512
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN MONTIEL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-313-7

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Adrian Montiel appeals his conviction and sentence for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. He asserts that the evidence is insufficient to support his conviction because there was no direct evidence that he possessed narcotics or money related to the conspiracy. Montiel maintains that the circumstantial evidence presented at trial could have an innocent explanation and that it thus provides "equal or nearly equal support to a theory of guilt and a theory of innocence," which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warrants reversal. *United States v. Mudd*, 685 F.3d 473, 477 (5th Cir. 2012) (internal quotation marks and citation omitted). We "view[] all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (internal quotation marks and citation omitted). After reviewing the timing and content of the wiretapped telephone conversations, we conclude that a reasonable juror could have found that Montiel knew of the existence of an agreement to violate the narcotics laws and that he voluntarily participated in furtherance of that agreement. *See United States v. Booker*, 334 F.3d 406, 409 (5th Cir. 2003).

Additionally, Montiel argues that the admission of an officer's hearsay testimony reflecting Montiel's involvement in an unrelated drug offense violated the Confrontation Clause. At the time of the officer's testimony, the parties believed that the source of this information would testify, but the district court ultimately found that the source's testimony would be unduly prejudicial. Because Montiel did not object to the introduction of this evidence on Confrontation Clause grounds, we review for plain error. *See United States v. Martinez-Rios*, 595 F.3d 581, 584 (5th Cir. 2010). The Confrontation Clause generally bars witnesses from testifying about out-of-court statements given by non-testifying individuals. *Crawford v. Washington*, 541 U.S. 36, 54-56 (2004). Even if the officer's statements constituted testimonial hearsay generally barred by the Confrontation Clause, Montiel has not demonstrated that the admission affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Given the strength of the evidence against him, Montiel is unable to show "a reasonable probability that, but for [the Confrontation Clause violation]," the jury would not have found him guilty. *Martinez-Rios*, 595 F.3d at 587 (internal quotation marks and citation omitted). Accordingly, the judgment of the district court is AFFIRMED.