# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2014

Lyle W. Cayce
Clerk

No. 13-50876
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES RILEY MARTINEZ, also known as Ereez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-65-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Charles Riley Martinez was convicted for using a facility of interstate commerce to coerce and entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b) and transportation of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). Martinez moved for and was denied a judgment of acquittal when the prosecution rested and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

again at the close of all of the evidence.  *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

On appeal, Martinez argues that the district court erred by denying his motions for acquittal because no rational juror could have found him guilty beyond a reasonable doubt on either count of conviction.  "When reviewing the sufficiency of the evidence, this Court views all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict."  *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (internal brackets, quotation marks, and citation omitted), *cert. denied*, 133 S. Ct. 1834 (2013).  We consider whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *petition for cert. filed* (June 24, 2014) (No. 13-10737).

Addressing the first count, "coercion and enticement in violation of . . . § 2422(b), . . . requires the government to prove that (1) [Martinez] used a facility of interstate commerce to commit the offense; (2) he was aware that [the minor] was younger than eighteen; (3) by engaging in sexual activity with [the minor], he could have been charged with a criminal offense under Texas law; and (4) he knowingly persuaded, induced, enticed, or coerced [the minor] to engage in criminal sexual activity."  *United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014).  Addressing the second count of conviction, an individual commits the offense of transportation of a minor with intent to engage in criminal sexual activity in violation of § 2423(a) if he "knowingly transports an individual who has not attained the age of 18 years in interstate . . . commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense."  § 2423(a).

No. 13-50876

Martinez does not state which of these elements was not met but argues that there was evidence that he was in love with the minor and desired to marry her. Our review of the evidence presented at trial, including the testimony of the minor and Martinez's admissions, compels the conclusion that Martinez's challenge to the sufficiency of the evidence must fail. *See Vargas-Ocampo*, 747 F.3d 299, 301.

AFFIRMED.