# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50688
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PETRA LETICIA MARTIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1330-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petra Leticia Martin appeals from her judgment of conviction after a jury trial for possession of an identification document with the intent to defraud the United States in violation of 18 U.S.C. § 1028(a)(4). She argues that the evidence was insufficient to prove that she had the intent to defraud. Although Martin was released from custody on February 14, 2014, her release does not moot this appeal. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50688

Martin was arrested as a result of events that occurred on August 6, 2012, as she was attempting to cross the border from Mexico into the United States with her two children and a third child who was asleep in the backseat of her vehicle.  When Martin's vehicle arrived at the primary inspection point, Martin presented two Florida birth certificates and a Social Security card as identification for the sleeping child, whom Martin identified as her nephew by marriage.  After additional inquiry, border patrol agents determined that the child in the vehicle was not the nephew and that the documents presented did not belong to the child in the vehicle.

Martin preserved her challenge to the sufficiency of the evidence.  We therefore review the issue *de novo*.  *See United States v. McElwee*, 646 F.3d 328, 340 (5th Cir. 2011).  We will uphold the jury's verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *cert. denied*, 135 S. Ct. 170 (2014).

Martin argues that there was no direct evidence that she knew that the child sleeping in the backseat was not her husband's nephew – the child named on the Florida birth certificates – and that the circumstantial evidence that was presented was insufficient to permit a reasonable inference of knowledge.  We disagree.  The jury was able to assess Martin's credibility and that of the two border patrol officers who questioned Martin during inspection.  This court will "not weigh evidence or assess the credibility of witnesses . . . ."  *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).  There were numerous discrepancies in Martin's statements to the border patrol officers pertaining to the child and to her travel itinerary.  Given the discrepancies in her statements as well as her testimony, it would not have been unreasonable

2

for the jury to conclude that Martin's version of events was implausible. *See United States v. Ayala,* 887 F.2d 62, 67 (5th Cir. 1989) (noting that, in weighing the evidence, the jury is permitted to evaluate the facts in light of its knowledge of the common tendencies and inclinations of human nature).

Based on the evidence, the jury could have reasonably concluded that Martin was aware that the child in the vehicle was not her nephew. Jurors also could decide that she voluntarily gave the border patrol officers documents that she knew did not identify the child in the vehicle in order to mislead or deceive the officers as to the immigration status of the child in the vehicle. Accordingly, when viewed in the light most favorable to the verdict and to the jury's reasonable inferences, the evidence was sufficient to demonstrate that Martin knowingly possessed a false identification document with the intent to defraud the United States in violation of § 1028(a)(4). *See United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1834 (2013); *Vargas-Ocampo*, 747 F.3d at 301.

AFFIRMED.