# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40316
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NEFI RIZO-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1308-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nefi Rizo-Reyes was convicted by a jury of illegal reentry following prior deportation and was sentenced below the advisory guidelines range to 57 months of imprisonment. He maintains that the evidence was insufficient to support his conviction. Because he preserved his challenge to the sufficiency of the evidence, our review is de novo. *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40316

Rizo-Reyes challenges whether the Government proved that he was an alien at the time of his illegal reentry. He argues that the sole issue is whether the evidence established that his parents were married before his birth, a fact that would render him subject to more exacting residency requirements that he cannot satisfy. *See* 8 U.S.C. §§ 1401, 1409. Rizo-Reyes maintains that the evidence equally supported that his parents were not married at the time of his birth and, thus, he is entitled to an acquittal.

When the evidence is viewed in the light most favorable to the Government, a rational jury could have found that it was sufficient to uphold Rizo-Reyes's conviction. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014); *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1834 (2013). The Government presented a marriage certificate showing that Rizo-Reyes's parents were married in Mexico in 1974, which preceded Rizo-Reyes's birth in 1978. While Rizo-Reyes offered contrary evidence suggesting that his parents were not married at the time of his birth, the record supports, and we must presume, that the jury resolved any conflict in favor of the Government. *See Jackson v. Virginia*, 443 U.S. 307, 326 (1979). We must defer to the jury's finding and its construction of the evidence. *Id.* Rizo-Reyes's reliance on the "equipoise rule" is misguided because we have abandoned that standard in evaluating sufficiency claims. *See Vargas-Ocampo*, 747 F.3d at 301-02.

Accordingly, the judgment of the district court is AFFIRMED.