# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff—Appellee,

v.

TRACY MARLER,

Defendant—Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-40-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tracy Marler was convicted by a jury of one count of theft of public funds in violation of 18 U.S.C. § 641. Marler collected the Veterans Administration (VA) benefits of Wytonia Herndon after her death in 2008 until 2014, with the total of payments exceeding $100,000. Marler argues that the evidence was insufficient to show that he knew that the money did not belong to him. We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30211

review this issue de novo. *United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

To prove the offense of theft of public funds, the Government must show that (1) the money or property at issue belonged to the Government and had a value in excess of $1,000, (2) the defendant stole or knowingly converted the money or property to his use or the use of another, and (3) the defendant did so with knowledge that the money or property was not his and with the intent to deprive the owner of its use or benefit either temporarily or permanently. *See* § 641; *United States v. Dowl*, 619 F.3d 494, 501-502 (5th Cir. 2010) (per curiam); *United States v. Dien Duc Huynh*, 246 F.3d 734, 745 (5th Cir. 2001). Section 641 requires a demonstration that the defendant knew of non-entitlement or wrongfulness. *United States v. Jones*, 664 F.3d 966, 976-77 (5th Cir. 2011).

The evidence presented at trial, viewed in the light most favorable to the Government, would allow the reasonable inference that Marler was aware that the source of the money was not an insurance policy, that the source of the money was Herndon's VA benefits, and that alerting the VA of Herndon's death was contrary to his interests. *See United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (per curiam). This is sufficient to support a finding that Marler knew he was not entitled to the continuing payments from the VA following Herndon's death. *See Jones*, 664 F.3d at 977. A rational juror could have found that the evidence supported Marler's conviction for theft of public funds. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc).

AFFIRMED.