# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2021

Lyle W. Cayce
Clerk

No. 20-40506
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Larry Young, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CR-94-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Larry Young, Jr., appeals his conviction, following a jury trial, under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Young contends that the evidence was insufficient to support his conviction. We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40506

Specifically, Young argues that the evidence was insufficient to support his conviction for constructive possession of the firearm, where he did not own the home, other individuals were present in the house, and the firearm was not in plain view. Because Young did not challenge sufficiency of evidence at the close of trial, our review is for plain error. *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018). However, even under the ordinary "beyond a reasonable doubt" standard, *see United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012), the evidence was sufficient.

The element of possession can be satisfied by proof of actual or constructive possession. *United States v. Meza*, 701 F.3d 411, 419-22 (5th Cir. 2012). Officers found the firearm in a bedroom with Young's expired driver's license, jail identification card, and a prescription bottle bearing Young's name. On the wall of that bedroom, someone posted an obituary for Young's father. Inside a backpack in the same room, officers found ammunition for an AK-47, and a cellphone. A forensic review of the phone revealed text messages and photographs supporting a link between Young, the phone, and the firearm. Prior to the search, officers had conducted surveillance for several months and established Young's presence at the house at various times of day. A confidential informant purchased drugs from Young at that location on two occasions and Young admitted to caring for his children at the home. Although Young contends that the weapon was not in plain view, a point the Government disputes, that fact alone is not dispositive given the other evidence. *See United States v. Huntsberry*, 956 F.3d 270, 280 (5th Cir. 2020) (citing cases). The evidence supports a finding by a rational jury that Young constructively possessed the firearm and was not insufficient, plainly or otherwise. *See United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc).

AFFIRMED.