# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2021

Lyle W. Cayce
Clerk

No. 20-50553

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

THOMAS MICHAELIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-245-1

Before CLEMENT, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Thomas Michaelis was convicted by a jury of one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). On appeal, Michaelis argues that there was insufficient evidence to support his conviction because the Government failed to prove beyond a reasonable

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50553

doubt the purity or concentration of the substance seized for which he was held accountable. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND for resentencing.

## I.    Background

Michaelis was indicted for conspiring to possess with intent to distribute 50 grams or more of actual methamphetamine. At trial, Midland Police Detective James Dolan testified that he received information that an individual named Michael Zimmerman was selling narcotics from a motel room. Detective Dolan arrived at the motel room and took Zimmerman into custody based upon outstanding warrants.

During a subsequent execution of a search warrant, detectives found a locked safe in a motel room that contained 101 grams of a substance that contained methamphetamine. Zimmerman testified that Michaelis had been in the motel room earlier that day, that the methamphetamine in the safe belonged to Michaelis, and that he and Michaelis had sold drugs from that room. Detective Dolan testified that he interviewed Michaelis, who admitted to ownership of the methamphetamine. Laboratory tests confirmed that the substance contained methamphetamine, but the substance was not tested for purity or concentration.

Michaelis did not present any evidence at trial. At the close of the Government's case, Michaelis moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the Government had not proved that he was the actual individual who conspired to sell the methamphetamine because the evidence "did not indicate [Michaelis], at least for the drugs that were found at this particular point in time, possessed those drugs at all." The district court denied the motion, concluding that a rational juror could find Michaelis guilty of the charged offense. The jury ultimately found Michaelis guilty as charged.

The presentence report ("PSR") calculated a base offense level of 30 under U.S. Sentencing Guidelines §§ 2D1.1(a)(5) and (c)(5) because the offense involved more than 50 grams but less than 150 grams of actual methamphetamine.[1] Based upon a total offense level of 30 and a criminal history category of IV, the PSR recommended an advisory Guidelines range of imprisonment of 135 to 168 months. The PSR also stated that Michaelis was subject to a statutory minimum term of imprisonment of 10 years and a maximum term of life imprisonment under § 841(b)(1)(A).

The district court adopted the PSR and sentenced Michaelis to a within-Guideline term of 157 months of imprisonment and imposed a five-year term of supervised release. Michaelis timely appealed.

## II.    Legal Standard

We review de novo a denial of a motion for a judgment of acquittal. *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000). However, where "a defendant asserts *specific grounds* for a specific element of a specific count for a Rule 29 motion, he waives all others for that specific count."[2] *United States v. Herrera*, 313 F.3d 882, 884 (5th Cir. 2002) (en banc). When waiver occurs, "our review is limited to determining whether . . . the record is devoid of evidence pointing to guilt." *Id.* at 885 (internal quotation marks and citation omitted). In considering the sufficiency of the evidence, we evaluate all evidence, "whether circumstantial or direct, in the light most favorable to the government, with all reasonable inferences to be made in

---

[1] This calculation appeared to rely on the evidence adduced at trial rather than any laboratory test establishing the purity or concentration of the substance.

[2] In contrast, "a general challenge to the sufficiency of the evidence preserves de novo review as to all potential sufficiency issues." *United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013) (italics omitted).

support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (per curiam) (internal quotation marks, brackets, and citation omitted).

Other unpreserved and unpresented errors are subject to plain error review. *United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012). To prevail on plain error review, a defendant must identify (1) an error, (2) that is "clear or obvious, rather than subject to reasonable dispute," and (3) that affects his "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, we may, in our discretion, remedy the error if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

## III.    Discussion

### A.    Conviction

During trial, Michaelis's counsel argued that the Government had not met its evidentiary burden because it had not established that Michaelis either (1) was the "actual person who was conspiring with Mr. Zimmerman" or (2) possessed the drugs found in the safe. Because this is a specific challenge as to the evidence regarding the conspiracy and possession of the seized drugs and *not* a general sufficiency argument, Michaelis fails to preserve his current challenge as to the purity and concentration of the methamphetamine seized from the motel safe. *See Herrera*, 313 F.3d at 884. However, even if Michaelis's sufficiency challenge was adequately preserved, it lacks merit for the reasons set forth below.

To prove a conspiracy to distribute and possess a controlled substance, the Government must prove beyond a reasonable doubt "(1) the existence of an agreement between two or more persons to violate narcotics

No. 20-50553

laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez*, 453 F.3d 252, 256–57 (5th Cir. 2006). The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The Court has extended this holding to facts that increase a mandatory minimum sentence. *Alleyne v. United States*, 570 U.S. 99, 107–08 (2013). In light of these holdings, we have held that "[i]f an indictment alleges involvement in a conspiracy to distribute an amount of a controlled substance that triggers enhanced penalties under §§ 841(b)(1)(A) or (B)," the Government must prove beyond a reasonable doubt the quantity of the alleged drug. *United States v. Daniels*, 723 F.3d 562, 570 (5th Cir. 2013), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013).

Though Michaelis was convicted of conspiring to possess with intent to distribute actual methamphetamine, as he correctly states, the Government did not introduce evidence regarding the purity or concentration of the substance seized from the safe. However, drug quantity and type are not "formal" elements of a conspiracy or a possession offense; any failure by the Government to prove quantity and type affects only the statutorily prescribed sentence that the court may or must impose under § 841(b). *Id.* at 572–74; *see United States v. Gamez-Gonzalez*, 319 F.3d 695, 699–700 (5th Cir. 2003) (holding the knowledge requirement under 21 U.S.C. § 841 does not apply to the penalty); *see also United States v. Haines*, 803 F.3d 713, 741–42 (5th Cir. 2015) (noting the "longstanding rule" that, for purposes of determining statutory minimum and maximum sentences, "*Apprendi* and *Alleyne* require the jury . . . to determine the amount which each defendant knew or should have known was involved in the conspiracy" (internal quotation marks omitted)). Thus, the Government's failure to

prove the particular drug type and quantity does not undermine Michaelis's conviction.[3] *See Daniels*, 723 F.3d at 572–74.

## B.    Sentence

Michaelis argued, in the alternative, that if his conviction was affirmed, his sentence should be vacated and remanded.  In its original brief, the Government agreed to the remand.  However, in its supplemental briefing on the appropriate standard of review, the Government, contending that plain error review applied, argued for the first time that Michaelis failed to meet the third prong of plain error.  Michaelis, in turn, alleged that he preserved the error but that the prongs of plain error were met.  We now turn to that issue.

We conclude that plain error review applies.[4] *Delgado*, 672 F.3d at 329 (5th Cir. 2012).  The Government concedes the first two prongs due to the lack of evidence regarding the methamphetamine content supporting a mandatory minimum sentence; it does not, however, address the error's effect on the Guidelines range.  The parties therefore disagree on whether the conceded error affected Michaelis's substantial rights (the third prong).  The Government argues that the error affected only the mandatory minimum sentence, which was within the statutory sentencing range and below the Guidelines range applied by the district court, so there was no effect on Michaelis's substantial rights.

---

[3] Michaelis does not challenge, nor does he argue that there was insufficient evidence to support, the other elements of his conspiracy conviction.

[4] In his supplemental brief, Michaelis argues that de novo review is appropriate because he "timely moved for a judgment of acquittal at the trial of his case," which preserved the issue.  However, as explained above, Michaelis failed to preserve a general sufficiency challenge by asserting specific grounds that were not raised on appeal.  Therefore, Michaelis's unpreserved challenge is reviewed for plain error.

To the contrary, Michaelis argues that the district court's error substantially affected his Guidelines range. He explains that the base offense level of 30 was derived from relevant conduct involving "at least 50 grams" of actual methamphetamine. Had the district court applied the same amounts but used a "mixture and substance" calculation, the base offense level would have been 24. U.S. SENT'G GUIDELINES MANUAL § 2D1.1(c)(8) (U.S. SENT'G COMM'N 2018) (Drug Quantity Table); *id.* Ch. 5, Pt. A (Sentencing Table). As a result, instead of a Guidelines range of 135–168 months, the proper range would have been 77–96 months; a clear difference that affected the outcome, given the fact that the district court issued a within-Guidelines sentence of 157 months. Under the circumstances, we conclude that Michaelis has shown "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Randall*, 924 F.3d 790, 796 (5th Cir. 2019) (quotation omitted); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

We therefore exercise our discretion to remand this case back to the district court for resentencing, as the Government initially requested and Michaelis requested in the alternative. *See United States v. Rodriguez-Pena*, 957 F.3d 514, 515 (5th Cir. 2020) (per curiam) (acknowledging that "[i]n most cases where prong three is satisfied, [we] must exercise our discretion to remand . . . because usually a plain Guidelines error that affects substantial rights will also satisfy the fourth prong of plain-error review" (internal quotation marks, brackets, and citation omitted)); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018) ("In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's

No. 20-50553

substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings.").

Accordingly, we AFFIRM the conviction, REVERSE the sentence, and REMAND for resentencing.