# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

No. 21-11267

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NYGEL DEJON FREEMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-96-1

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:

Nygel Dejon Freeman appeals his jury trial conviction for possession of a firearm as a convicted felon under 18 U.S.C. §§ 922(g)(1), 924(a)(2).* He argues that the evidence was insufficient to prove he possessed a firearm.

Because Freeman preserved his challenge to the sufficiency of the evidence, we review the claim de novo but afford "great deference" to the

---

* At the time of Freeman's offense and sentencing, 18 U.S.C. § 924(a)(2) set forth the imprisonment term for an 18 U.S.C. § 922(g)(1) offense. Effective June 25, 2022, the penalty provision moved to 18 U.S.C. § 924(a)(8).

No. 21-11267

jury verdict. *United States v. Zamora-Salazar*, 860 F.3d 826, 831 (5th Cir. 2017) (quotation omitted). We evaluate the evidence in the light most favorable to the Government and draw all reasonable inferences in support of the verdict. *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). The sufficiency standard remains the same whether the evidence is direct or circumstantial: "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Huntsberry*, 956 F.3d 270, 279 (5th Cir. 2020) (quotation omitted).

Although the Government presented no direct evidence of possession, a reasonable jury could conclude that Freeman possessed the firearm. The jury saw videos of Freeman running from the police—first in his car and then on foot. And it heard testimony that suspects who run often have narcotics or weapons in their possession. *United States v. Martinez*, 190 F.3d 673, 678 (5th Cir. 1999) ("Evidence of an accused's flight is generally admissible as tending to establish guilt."). The Government also presented evidence that police recovered the gun in a field about twenty feet from Freeman's flight path. The jury heard testimony that a grown man could easily have thrown the two- or three-pound gun this distance. And officers testified that Freeman gave up the chase not far from where they located the gun. The jury also learned that there was a major storm the night before the incident that would have left certain marks on a gun, and then it heard testimony that the gun did not bear any such markings. Finally, witnesses familiar with the area testified that they had never seen anyone enter the field and they would not expect to find a weapon there. From this evidence, the jury could easily infer that the firearm was only in the field for a brief time, and that Freeman threw it into the field before surrendering to police.

Our highly deferential review compels us to conclude that "the totality of the evidence permits a conclusion of guilt beyond a reasonable

No. 21-11267

doubt." *United States v. Nieto*, 721 F.3d 357, 365 (5th Cir. 2013) (quotation omitted).

    AFFIRMED.