# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2013

Lyle W. Cayce
Clerk

No. 12-51253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEONTREY JACKSON, also known as K.C.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-189-3

Before REAVLEY, JONES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Keontrey Jackson was convicted by a jury on all three counts of an indictment charging him with conspiracy to possess with intent to distribute and conspiracy to distribute 280 grams or more of cocaine base, aiding and abetting the possession with the intent to distribute 28 grams or more of cocaine base, and aiding and abetting the distribution of 28 grams or more of cocaine base. The jury found that the conspiracy involved at least 28 grams of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51253

cocaine base but specifically rejected an amount of at least 280 grams.  The district court sentenced Jackson to 169 months in prison on each count, with the terms to run concurrently.

On appeal, Jackson challenges the sufficiency of the evidence establishing his guilt on all three counts of conviction.  "When reviewing the sufficiency of the evidence, this Court views all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (internal quotation marks and citation omitted).  Contrary to his assertion, the Government presented evidence to support the jury's finding that he conspired to possess with intent to distribute and conspired to distribute 28 grams or more of cocaine base.  *See United States v. Booker*, 334 F.3d 406, 409 (5th Cir. 2003); *United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001).  The Government also established that Jackson aided and abetted the possession of cocaine base with intent to distribute and the distribution of cocaine base.  *See United States v. Jimenez*, 509 F.3d 682, 689 (5th Cir. 2007).

For the first time on appeal, Jackson argues that his sentences for the possession with the intent to distribute cocaine base and the distribution of cocaine base were multiplicitous.  Because Jackson did not raise this argument in the district court, review is limited to plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009).  Because the Government presented evidence of independent handling of drugs prior to and independent of delivery, Jackson's argument fails.  *See United States v. Carrion*, 809 F.2d 1120, 1125 (5th Cir. 1987).

2

No. 12-51253

Finally, Jackson also argues that his sentence was unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not err procedurally by relying on the presentence report to conclude that Jackson was responsible for at least 196 grams of cocaine base. *See United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002); *see also United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The district court did not plainly err procedurally in relying on the presentence report in applying a two-level increase to Jackson's base offense level for possession of a dangerous weapon in relation to the offense. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 315 (5th Cir. 2013) (holding that a failure to object to an enhancement results in review for plain error only). The sentence imposed by the district court, without objection, was within the advisory guidelines range and, therefore, was presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.