# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41472
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ANTHONY JEROME SMITH, Also Known as Ant,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-140-2

Before SMITH, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Anthony Smith was convicted by a jury of conspiracy to distribute and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41472

possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Smith contends that the district court erred in admitting testimony from two law enforcement agents—Brian McClaran of the Sherman Police Department and Justin Holbert of the Bureau of Alcohol, Tobacco, Firearms and Explosives—regarding drug-code jargon used in text messages recovered from Smith's cell phones. Smith claims that the agents, who were presented as lay witnesses, gave expert testimony as to the code words but were not properly offered or qualified as experts. Because Smith did not preserve his challenge, we review for plain error. *See United States v. Akins*, 746 F.3d 590, 597 (5th Cir. 2014).

The record suggests that McClaran's testimony concerning drug-related terms was consistent with both expert and lay testimony. McClaran indicated that his constructions of the jargon relied on both his perceptions from his involvement in this case, which would be admissible lay opinion testimony, *see United States v. Miranda*, 248 F.3d 434, 441 (5th Cir. 2001), and his experience or general knowledge of terms employed by drug traffickers, which is indicative of expert testimony, *see United States v. Griffith*, 118 F.3d 318, 321 (5th Cir. 1997).

McClaran also presented testimony as to drug codes—testimony that was ambiguous as to whether it was based on his involvement in the case or on his experience and training. The district court seemingly failed to ensure that McClaran testified in a way that clarified which was the basis of his testimony, so some of the testimony may have been admitted in error. *See United States v. Haines*, 803 F.3d 713, 730-32 (5th Cir. 2015). But because there otherwise was considerable evidence that Smith had participated in a conspiracy that involved more than 500 grams of methamphetamine, any error did not affect his substantial rights. *See id.* at 732; *Puckett v. United States*, 556 U.S. 129,

135 (2009).

Smith has shown no error in admitting Holbert's testimony as to his interpretation of drug-related terms.  The record supports that Holbert, who was personally involved in the investigation and responsible for reviewing and analyzing each of the text messages, relied on personal perceptions that he developed in this case.  He asserted that his constructions were based on the information that he reviewed, and patterns that emerged, in this case, and he did not note that his interpretations relied on expertise as to drug-code jargon or the drug trade generally.  *See Haines*, 803 F.3d at 726-29; *Akins*, 746 F.3d at 599–600.  Holbert's familiarity with the facts of the case allowed him to discern the context of the messages, infer the meaning of ambiguous terms, determine that a message related to the distribution of methamphetamine, and identify the amounts and prices being discussed.  *See Akins*, 746 F.3d at 598–600; *Miranda*, 248 F.3d at 441.  Although Holbert did not expressly state whether the basis of his knowledge was this investigation, as distinguished from his experience, the record does not clearly or obviously reflect that his testimony was not admissible lay-opinion testimony.  *See Puckett*, 556 U.S. at 135; *Miranda*, 248 F.3d at 441.

Smith also contends that the evidence was insufficient to prove that the methamphetamine involved in this case was more than 500 grams because the testimony by McClaran and Holbert was unreliable.  Because Smith preserved a challenge to the sufficiency of the evidence, our review is *de novo*.  *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

The evidence, viewed in the light most favorable to the government with all reasonable inferences made in support of the verdict, was sufficient to support that the offense involved at least 500 grams.  *See United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012).  Testimony from persons directly involved in

No. 15-41472

dealings with Smith established that he bought 48 grams of methamphetamine, which he did not distribute completely before his arrest, and that he previously had distributed more than 300 grams. Furthermore, based on Holbert's construction of the text messages, Smith purchased 1,330 grams of methamphetamine to resell; that calculation, notably, did not include any sales of methamphetamine by Smith or address the overall scope of the conspiracy. Although Smith contends that Holbert's testimony was unreliable because it was speculative, the record reflects that Smith raised issues at trial as to the certainty of Holbert's interpretations and, particularly, whether the ambiguous messages actually discussed the distribution of methamphetamine. The record supports that the jury was able to evaluate the significance of the messages and found Holbert's interpretation of them persuasive. We will not second-guess the jury's finding, *see United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999), but, instead, we presume that it resolved any issues in favor of the verdict, and we defer to its construction of the evidence, *see Terrell*, 700 F.3d at 760. Also, evidence will not be found insufficient merely because it does not support every conclusion except that of guilt. *See United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999).

The judgment of conviction is AFFIRMED.