# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40654
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR ALBERTO BURTON; GUILLERMO HERRERA,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-504-2

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Hector Alberto Burton and Guillermo Herrera of one count of conspiracy to possess with intent to distribute approximately 264.8 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and one count of possession with intent to distribute approximately 264.8 kilograms of marijuana, in violation of § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40654

The district court sentenced both defendants to 87 months of imprisonment and a five-year term of supervised release.

During a traffic stop, officers searched the tractor-trailer driven by Herrera and discovered a false compartment with 264.8 kilograms of marijuana. The marijuana was valued at approximately $384,000. A piece of paper found in the truck, which contained contact information for Burton, and cellular phone records connected Herrera to Burton and Ricardo "Rick" Garcia. The Government argued at trial that the three men conspired together to transport the marijuana to Ohio.

Burton challenges the sufficiency of the evidence underlying both verdicts. He argues that there is no evidence that he actually or constructively possessed the marijuana seized in the truck because nothing in the record established that he had knowledge of Herrera's activities in transporting the load. Burton emphasizes that evidence of phone calls among the phones associated with Garcia, Herrera, and himself alone is insufficient to support the convictions in the instant case because the content of those calls remain unclear.

When analyzing the sufficiency of the evidence, we view "all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (internal brackets, quotation marks, and citation omitted). The Government may prove its case through direct or circumstantial evidence, and "the jury is free to choose among reasonable constructions of the evidence." *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007) (internal quotation marks and citation omitted). We will uphold the jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Burton offered inconsistent statements that suggested guilty knowledge of the marijuana and the conspiracy, including dubious statements that a "Junior Perez" hired Herrera to drive the truck. *See United States v. Ramos-Rodriguez*, 809 F.3d 817, 822 (5th Cir.), *cert. denied*, 136 S. Ct. 2040 (2016). In addition, the high value of the seized marijuana supported an inference of guilty knowledge. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003). Evidence that the trailer attached to the tractor was not the trailer registered for that vehicle and the fact that Herrera used Burton's fuel card to purchase fuel also suggested guilty knowledge of the criminal activity. *See United States v. Vasquez*, 677 F.3d 685, 694-95 (5th Cir. 2012).

Burton correctly notes that phone records may be insufficient to show participation in a drug conspiracy when there is no indication of who made the calls and the subject matter of the conversations is unknown. *See United States v. Galvan*, 693 F.2d 417, 419-20 (5th Cir. 1982). However, the significant number of phone calls that occurred among Burton, Herrera, and the various phones connected to Garcia, did not exist in a vacuum. These phone calls, viewed in conjunction with the inconsistent statements and other evidence, support the jury's finding that Burton, at the very least, had constructive possession of the marijuana and knowingly participated in both offenses. *See Vargas-Ocampo*, 747 F.3d at 301; *Vasquez*, 677 F.3d at 693-94; *United States v. Gardea Carrasco*, 830 F.2d 41, 45 (5th Cir. 1987).

Herrera also challenges both convictions. In regard to the conviction for possession with intent to distribute, he concedes that he was driving the tractor with the marijuana but contends that there was no evidence that he had knowledge of the secret compartment. Addressing his conviction for conspiracy

to possess with intent to distribute marijuana, Herrera argues that the Government introduced no evidence of his direct involvement with Burton.

Trial testimony regarding Herrera's nervousness during the traffic stop provided circumstantial evidence of his guilty knowledge. *See Vasquez*, 677 F.3d at 695. The value of the seized marijuana, his inconsistent statements about the phone found in the truck, his employment status, and relationship with Garcia also reflected Herrera's guilty knowledge. *See Ramos-Rodriguez*, 809 F.3d at 822; *Villarreal*, 324 F.3d at 324. His experience as a driver and the fact that an anomaly in the trailer panels went unreported despite his inspection of the truck at a fuel station further suggested that Herrera knew of the marijuana. *See Vasquez*, 677 F.3d at 695. In light of this evidence, Herrera has not shown that the jury acted irrationally when it found beyond a reasonable doubt that he was guilty of possession with intent to distribute marijuana. *See Vargas-Ocampo*, 747 F.3d at 301.

Although there was a lack of evidence establishing that he communicated directly with Burton, Herrera's use of Burton's fuel card, his possession of a piece of paper with Burton's contact information, and the numerous phone calls among the men support the jury's finding that Herrera knowingly participated in the conspiracy to distribute marijuana. *See Vasquez*, 677 F.3d at 693. Even assuming this evidence did not establish a direct connection with Burton, Herrera need not know "the exact number or identity of all the co-conspirators, so long as in some fashion he . . . knowingly participates in the larger conspiratorial objectives." *United States v. Greenwood*, 974 F.2d 1449, 1457 (5th Cir. 1992).

Burton urges that the district court erred in adjusting his offense level under U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager or supervisor. Burton's assertion that Garcia and Herrera could have been the

managers of the operation does not eliminate Burton from qualifying as a leader or organizer with respect to the criminal conspiracy, since more than one person may occupy a leadership or managerial role within a criminal association. *See* § 3B1.1(c), comment. (n.4). In light of the evidence reflecting that Burton recruited Herrera to be the driver and directed Herrera's actions through Garcia, the district court did not clearly err in adopting the presentence report's unrebutted factual finding that Burton was an organizer, leader, manager, or supervisor of the criminal activity for purposes of the role adjustment. *See United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015).

Finally, on plain error review, Herrera raises an issue based upon the district court's instruction to the jury regarding the admissibility of a defendant's criminal history, made in response to the government's objection to Burton's counsel's closing argument referencing "no evidence" that Burton had a criminal history. Herrera argues that by explaining to the jury that there are restrictions on admitting a defendant's criminal history, the district court essentially permitted the jury to infer that Herrera had a criminal history. However, as Herrera concedes, the instruction did not constitute evidence of his criminal history. Moreover, the district court correctly stated that limitations exist on the admission of a defendant's criminal history. *See* FED. R. EVID. 404(b). As such, Herrera has not shown any plain error stemming from the district court's instruction to the jury.

The judgments of the district court are AFFIRMED.