# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-59-2

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Oscar Benitez was convicted by a jury of conspiracy to possess with intent to distribute five kilograms or more of cocaine, two counts of possession with intent to distribute five kilograms or more of cocaine, and conspiracy to launder monetary instruments. He asserts that the evidence adduced at trial was insufficient to support his convictions. Because he preserved his challenge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the sufficiency of the evidence, our review is de novo.  *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

Benitez maintains that there was insufficient evidence to convict him of the drug conspiracy.  But the evidence, viewed in the light most favorable to the Government, supports Benitez's conviction.  *See United States v. Romans*, 823 F.3d 299, 311 (5th Cir.), *cert. denied*, 137 S. Ct. 195 (2016); *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012).  While the Government offered no direct evidence of an agreement, the jury could infer an agreement from circumstantial evidence.  *See Romans*, 823 F.3d at 311; *United States v. Zamora,* 661 F.3d 200, 209 (5th Cir. 2011).  The evidence, including testimony from a co-conspirator, reasonably supported the inference that Benitez, who owned a car dealership, agreed with others to distribute drugs and provided his co-conspirators with cars for that purpose.  *See United States v. Shoemaker*, 746 F.3d 614, 623 (5th Cir. 2014).  Also, the evidence supported the inference that he attempted to advance the conspiracy by negotiating drug deals, permitting co-conspirators to deposit proceeds from drug sales into a bank account for his car dealership, and accepting a delivery of drugs at his property.  There thus was a "collocation of circumstances" from which a rational trier of fact could have found beyond a reasonable doubt that Benitez conspired to engage in drug trafficking.  *See Romans*, 823 F.3d at 311; *Terrell*, 700 F.3d at 760.

Benitez also asserts that the evidence was insufficient to convict him of possession with the intent to distribute cocaine.  He argues that there was no evidence that he had actual or constructive possession of cocaine.

Under *Pinkerton v. United States*, 328 U.S. 640, 647 (1946), a member of a conspiracy can be convicted of any foreseeable substantive offense that a co-conspirator commits in furtherance of the conspiracy and while the defendant

is a member of the conspiracy. *United States v. Sanjar*, 876 F.3d 725, 743 (5th Cir. 2017).

Benitez does not dispute that the possession offenses were committed in furtherance of the charged conspiracy and, as detailed, the conspiracy and his knowing participation in it were proven beyond a reasonable doubt. *Pinkerton* liability thus attaches to the possession offenses. *Id.* Because the jury was correctly instructed as to *Pinkerton* liability, Benitez's convictions for possession can be affirmed on this basis. *See United States v. Polk*, 56 F.3d 613, 619 n.4 (5th Cir. 1995).

Finally, Benitez argues that there was insufficient evidence to establish his guilt of conspiracy to launder money. He contends that the Government offered evidence of only a single deposit into an account under his control, and there was no indication of the source of the funds or whether the deposit was related to a criminal enterprise. To the extent that Benitez seeks to argue that the evidence does not prove that he committed the underlying crime of money laundering, his claim is unavailing. *See United States v. Threadgill*, 172 F.3d 357, 367 (5th Cir. 1999).

The evidence, viewed in the light most favorable to the Government and with reasonable inferences made in favor of the jury's verdict, otherwise was sufficient to prove the money laundering conspiracy. *See United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006); *Terrell*, 700 F.3d at 760. The evidence particularly supported the inference that Benitez allowed funds from a drug trafficking organization to be commingled with money from his car dealership for the purpose of hiding those funds; a co-conspirator confirmed that members of the drug organization deposited proceeds from drug sales into a bank account for the car dealership—which the evidence reflected was used to supply cars to the conspiracy—and that Benitez effectively knew about the

No. 17-20457

deposits and their purpose. *See United States v. Cessa*, 785 F.3d 165, 185 (5th Cir. 2015); *Shoemaker*, 746 F.3d at 623; *United States v. Rodriguez*, 278 F.3d 486, 491 (5th Cir. 2002). The jury also could have reasonably inferred that his knowledge of, and involvement in, the drug conspiracy showed he knew the illegal source of the proceeds and intended to join an agreement to launder proceeds of that crime. *See United States v. Trejo*, 610 F.3d 308, 315 (5th Cir. 2010). Sufficient evidence therefore established that Benitez conspired to launder money. To the extent that Benitez challenges the sentencing enhancement applied under U.S.S.G. § 2S1.1(b)(2)(B), his claim is unavailing in light of this determination.

AFFIRMED.