# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSLAY DIAZ-TORRES; RAFAEL RUIZ,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-48-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

A jury convicted Oslay Diaz-Torres and Rafael Ruiz of one count of conspiring to transport undocumented aliens and five counts of transportation and attempted transportation of an undocumented alien for financial gain. The district court sentenced Diaz-Torres and Ruiz to within-guidelines sentences of 63 months of imprisonment and three years of supervised release. They both timely appealed. *See* FED. R. APP. P. 4(b)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40046

Diaz-Torres raises a sufficiency challenge to his convictions. As to the conspiracy conviction, Diaz-Torres argues that the trial evidence was insufficient to support his conviction because there was no evidence of an agreement to transport undocumented aliens. In support of his argument, he points out that none of the undocumented aliens could identify him as a participant in the transportation event; Ruiz did not testify against him; and there was "no other evidence, 'such as phone calls, documents, or money.'" As to the transportation convictions, Diaz-Torres argues that no evidence was put forth that he knew about the illegal status of the individuals found in the tractor-trailer.

Because Diaz-Torres preserved the sufficiency issue by moving for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, the standard of review is de novo. *See United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013). Although none of the material witnesses could positively identify Diaz-Torres as the driver of the tractor-trailer, all of the witnesses testified that the tractor-trailer was running when they boarded and that the truck made no stops until the border checkpoint. From this evidence, a reasonable jury could conclude that Diaz-Torres was present when the undocumented aliens were loaded onto the tractor-trailer that he drove to the border checkpoint. *See United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). In addition, the jury could infer that Diaz-Torres knew of their illegal status given the fact that the aliens were hidden in the tractor-trailer and Diaz-Torres appeared nervous when he was approached by the border agents. *See United States v. Romero-Cruz*, 201 F.3d 374, 379 (5th Cir. 2000); *United States v. Richardson*, 848 F.2d 509, 513 (5th Cir. 1988). Furthermore, evidence regarding the concerted action among Ruiz and Diaz-Torres supports an inference of an agreement to transport undocumented aliens into the United

No. 18-40046

States. *See United States v. Thomas*, 690 F.3d 358, 366 (5thCir. 2012). Thus, viewing the evidence in the light most favorable to the Government, there was sufficient evidence for a reasonable jury to find Diaz-Torres guilty of all counts charged in the indictment. *See Terrell*, 700 F.3d at 760.

In his sole argument on appeal, Ruiz argues that the district plainly erred in applying the U.S.S.G. § 2L1.1(b)(6) enhancement to his sentence. He contends that there was no evidence demonstrating that there were more passengers than the rated capacity of the tractor-trailer. He also asserts that there was no evidence that the aliens were transported in crowded, dangerous, or inhumane conditions.

The sealed tractor-trailer contained 72 undocumented aliens hidden among eight all-terrain vehicles (ATVs). The aliens were positioned such that it took border patrol agents not only 45 minutes to locate all of them, but also the use of a mobile x-ray machine. In the event of an accident, the aliens would have had to extricate themselves from the ATVs, which by themselves posed a serious danger. In addition, given that the tractor-trailer was sealed from the outside with a thick cable, the aliens would have had a difficult time exiting the tractor-trailer, as well as communicating to the driver. Furthermore, the tractor-trailer had limited ventilation, no water, and many of the aliens appeared to be lacking oxygen. Given that at least four of the five reckless endangerment factors are present in the instant case, it cannot be said that the district court plainly erred in applying the enhancement. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006).

AFFIRMED.