# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2021

Lyle W. Cayce
Clerk

No. 19-40852
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID EARL SNELL, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:16-CR-85-2

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant David Earl Snell, Jr., was convicted by a jury of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) (Count One); conspiracy to possess with the intent to distribute cocaine, in violation of §§

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

846, 841(a)(1), 841(b)(1)(C) (Count Two); and conspiracy to possess with the intent to distribute cocaine base, in violation of §§ 846, 841(a)(1), 841(b)(1)(C) (Count Three). He was sentenced to concurrent sentences of 151 months of imprisonment as to each count and concurrent five-year terms of supervised release. Snell argues on appeal that his conviction as to Count One should be reversed because there was insufficient evidence to prove that he knew or should have reasonably known that the conspiracy involved a quantity of methamphetamine in excess of the § 841(b)(1)(A) threshold.

Because he moved for a judgment of acquittal at the close of the Government's case and rested without introducing any evidence, Snell has properly preserved his sufficiency claim for appellate review. *See United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995). When considering the sufficiency of the evidence, this court evaluates all evidence, "whether circumstantial or direct, in the light most favorable to the [g]overnment[,] with all reasonable inferences to be made in support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (internal quotation marks and citation omitted). We will uphold the verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Testimony at trial established that Snell purchased approximately 1440 grams of methamphetamine from coconspirators for redistribution during the timeframe charged in the indictment. The criminal history of these witnesses and possible motives for testifying were brought out at trial. The jury's verdict, however, demonstrates that it found the witnesses to be credible. Snell has failed to demonstrate that the testimony was "incredible as a matter of law." *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). Thus, we will not disturb the jury's findings. *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). When the evidence is

viewed in the light most favorable to the Government, it sufficiently establishes that Snell knew or should have known that the conspiracy involved the requisite amount of methamphetamine. *See United States v. Haines*, 803 F.3d 713, 739-41 (5th Cir. 2015); *Terrell*, 700 F.3d at 760. Snell's related challenge to the jury instructions, which he did not raise in the district court, is unpersuasive. *See United States v. Fairley*, 880 F.3d 198, 208 (5th Cir. 2018).

Snell also challenges the district court's drug quantity calculation at sentencing. He contends that the district court erred by attributing to him the entire amount of methamphetamine involved in the conspiracy, rather than making an individualized finding. This court reviews the district court's determination of the drug quantity for clear error and will affirm the finding so long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted).

The district court's drug quantity determination was based on officers' interviews with Snell's coconspirators, confidential informants, and trial testimony that detailed transactions Snell conducted during the course of the conspiracy. Thus, the information upon which the district court based its drug-quantity findings had sufficient indicia of reliability. *See United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006); *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). Because Snell failed to offer any rebuttal evidence as to those facts, which were contained in the presentence report, he fails to show clear error on the part of the district court in adopting its findings. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

AFFIRMED.